# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

SUMMER ROSE BENNETT,     )
      )
   **Plaintiff,**    )
      )
   **v.**    )    **Case No. 3:25-cv-05014-MDH**
      )
**FRANK BISIGNANO,** Commissioner of  )
the Social Security Administration,   )
      )
   **Defendant.**   )

## ORDER

Before the Court is Plaintiff Summer Rose Bennett's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for a period of disability and disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff has exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's ("ALJ") decision is **AFFIRMED**.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits under Title II on July 1, 2020, and for supplemental security income ("SSI") payments under Title XVI on August 10, 2021. Plaintiff was born on May 30, 1981, and amended her alleged onset date of disability as of August 8, 2019. (Tr. 86 and 99). The ALJ found that Plaintiff had the following severe impairments: fibromyalgia syndrome, cervical spine degenerative changes, thoracic spine degenerative changes, lumbar degenerative changes, degenerative changes of the knees (status-post right knee meniscus repair), chronic ulcer, gastroesophageal reflux disease (GERD), depressive disorder, generalized

anxiety disorder, borderline personality disorder, and posttraumatic stress disorder ("PTSD"). (Tr. 89). The ALJ additionally found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 91). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; stand and walk in combination for approximately 2 hours total in an 8-hour workday with normal breaks; and sit for approximately 6 hours in an 8-hour workday. She is able to occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl. The claimant is able to understand, remember, and carry out simple instructions; able to sustain attention and concentration to carry out simple tasks for 2 hours at a time with customary breaks throughout an 8-hour workday; occasionally interact with the public, coworkers, and supervisors; and respond appropriately to occasional changes in work-related tasks and station.

(Tr. 93). The ALJ found that the Plaintiff is unable to perform any past relevant work as a home health attendant and salesclerk. (Tr. 99). Relying on the vocational expert testimony, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed, considering Plaintiff's age, education, work experience, and RFC. *Id*. Consequently, the ALJ found Plaintiff not disabled. (Tr. 100).

## STANDARD

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); *Travis v. Astrue*, 477

F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

## DISCUSSION

Plaintiff argues one point on appeal. Plaintiff argues that the ALJ identified no medical evidence regarding the ability to function in the workplace that supported the ALJ's RFC findings, and instead determined the RFC based upon his own interpretation of the medical evidence. Specifically, Plaintiff asserts that the ALJ provided a narrative discussion but did not provide an explanation of how the medical and other evidence supported the ALJ's RFC. In support Plaintiff states that the record did not contain a medical opinion regarding physical functional capacity from a treating provider nor did it include a medical opinion from any consultative examiner regarding physical or mental functioning as no such exams were obtained by the ALJ or other agency personnel. Plaintiff asserts that the ALJ did not obtain the opinion of a reviewing medical expert during or after the hearing. Plaintiff also argues that the non-examining reviewing medical consultants at the initial and reconsideration levels of the administrative process were no able to provide an opinion on functioning due to "insufficient evidence" at the time of their review.

The Defendant argues that there is substantial evidence that supports the ALJ's RFC finding in light of the ALJ's assessment of the objective evidence, the medical opinions, and

3

Plaintiff's self-reports. The Defendant argues that the ALJ considered radiographic studies and objective observations of muscle strength, range of motion, and gait that provided some medical evidence supporting the ALJ's physical RFC findings. The Defendant also argues the ALJ considered the many normal mental status findings and medical observations of concentration and cooperation providing some medical evidence supporting the ALJ's mental RFC findings. As the Defendant states that some medical evidence supports the ALJ's findings, Plaintiff's argument for greater articulation and development should be rejected.

Ultimately, the RFC determination is a "medical question," that "must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quoting *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008)). But, the RFC is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records. *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020); *see also Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("A medical source opinion that an applicant is 'disabled' or 'unable to work,' however, ... is not the type of 'medical opinion' to which the Commissioner gives controlling weight."). "[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner," *id.*, "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations," *Combs*, 878 F.3d at 646 (citation omitted) (alteration in original). Similarly, the underlying determination as to the severity of impairments is not based exclusively on medical evidence or subjective complaints. Rather, regulations set forth assorted categories of evidence that may help shed light on the intensity, persistence, and limiting effects of symptoms. Similar factors guide the analysis of whether a claimant's subjective complaints are consistent with the

4

medical evidence. *Noerper v. Saul*, 964 F.3d 738, 745 (8th Cir. 2020); *see also Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (listing factors such as: "the claimant's daily activities," "the duration, frequency and intensity of the pain," "precipitating and aggravating factors," "dosage, effectiveness and side effects of medication," and "functional restrictions").

## I.      Physical Medical Findings in the RFC

There is substantial evidence in the record to support the ALJ's RFC. Regarding the objective findings relating to Plaintiff's physical impairments the ALJ took into account the Plaintiff's magnetic resonance imaging ("MRI") results, her lumbar x-ray and MRI results, cervical, thoracic, and lumbar spine computed tomography ("CT"), physical examinations, bilateral knee x-ray, gastrointestinal endoscopy, and physical examinations. (Tr. 95–96). The ALJ used these findings, in conjunction with other information in the record, to find that Plaintiff could:

> Perform sedentary work except lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; stand and walk in combination for approximately 2 hours total in an 8-hour workday with normal breaks; and sit for approximately 6 hours in an 8-hour workday. She is able to occasionally climb ramps and stars; occasionally climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and craw.

(Tr. 97). The Court finds that the ALJ's review and ultimate findings of Plaintiff's physical limitations in the RFC were based on substantial evidence in the record based in part on Plaintiff's medical records. While the Plaintiff may wish for a medical provider to opine on Plaintiff's residual capacity or for a more detailed articulation on how the medical records tie into the ultimate findings of physical limitations, they are not necessary for the ALJ to determine Plaintiff's RFC. In review of the ALJ's physical RFC, it is supported by substantial evidence in the record.

## II.     Mental Medical Findings in the RFC

The ALJ's decision as to the Plaintiff's mental impairments for purposes of disability determination stated:

5

Overall, the record as a whole contains some objective findings related to the claimant's impairments, but not to the level of severity alleged. While there was evidence that she had some abnormal mental status findings as noted above, these symptoms were infrequent (Exs. C6F/7, 17, 19, 26, 34, 51, 57; C19F/14, 17; C23F/9; C38F). The claimant was treated conservatively with therapy and medication (Exs. C6F/3, 6, 8; C19/10). She reported things were going well and/or pretty good (Ex. C6F/3 5, 9, 30, 41, 43). The claimant was noted as stable (Ex. C27F/3, 4). In April 2023, it was noted that the claimant was not following with any behavioral health (Ex. C31F/34). In addition, she often had normal mental status evaluations (Exs. C2F/12, 15, 30, 43, 49, 55, 61, 63, 141; C3F/10; C4F; C5F; C6F/7, 15, 51, 57, 66; C17/3, 8, 24; C23F/9; C30F/8).

Therefore, to accommodate the claimant's objective findings and her treatment history, I find that the claimant is able to understand, remember, and carry out simple instructions; able to sustain attention and concentration to carry out simple tasks for 2 hours at a time with customary breaks throughout an 8-hour workday; occasionally interact with the public, coworkers, and supervisors; and respond appropriately to occasional changes in work-related tasks and station.

The medical record contains no objective medical findings to support any further restrictions in the residual functional capacity. Subjective complaints alone are insufficient. The record does not contain any non-conclusory opinions, supported by clinical or laboratory evidence, from treating or examining physicians indicating that the claimant is currently disabled. The objective medical evidence of record simply does not support the severity of limitation alleged by the claimant.

(Tr. 97–98). The Court finds that the ALJ's review and ultimate findings of Plaintiff's mental limitation in the RFC were based on substantial evidence in the record, based in part on Plaintiff's medical records. Here, the ALJ explicitly stated that there was evidence of some abnormal mental status findings, they were infrequent and Plaintiff was being treated with therapy and medication. The ALJ reviewed the mental status evaluations and made his determinations about Plaintiff's mental limitations in the RFC. Further, the ALJ explicitly noted that the medical record contained no objective medical findings to support further restrictions, not that there was insufficient medical evidence to support the limitation already in place. In sum, the ALJ's mental RFC is supported by substantial evidence in the record. For the reasons stated, the ALJ's RFC is affirmed.

**CONCLUSION**

6

For the reasons set forth, the ALJ's final determination is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: May 12, 2026

                                            _/s/ Douglas Harpool_____
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**